## MORTON v. SHORTRIDGE.

TAX TITLE.—*Statutory Action.*—The purchaser of land at a tax sale, his heirs or assigns, on failure of title, may maintain an action for the purposes, and to the extent, named in sections 172, 173, pp. 110, 111, 1 G. & H. Only the last vendee of the tax title, from whom the land is recovered, or his heirs, can maintain such action; an intermediate holder cannot sue.

APPEAL from the Tipton Common Pleas.

PETTIT, J.—Appellant sued appellee, and the substance of the complaint is, that Shortridge suffered his land to be sold for delinquent taxes. Patterson bought it at the sale, and sold the same to appellant, who paid taxes on it, got the auditor's deed, and conveyed it to Groom, and he conveyed it to Dennis. Shortridge sued Dennis to set aside his title, and recover the land for illegality in the sale, but not for the causes named in section 172, 1 G. & H. 110. Shortridge recovered in that suit, and Morton brought this suit to recover of Shortridge what he had paid in taxes while he held the land, and before he sold to Groom.

A demurrer for want of sufficient facts and for misjoinder of parties plaintiffs was sustained, and the correctness of this ruling is the only question in the case; and this depends upon the construction of section 173, 1 G. & H. 111, which is as follows:

"If any conveyance for taxes shall prove to be invalid, and ineffectual to convey title for any other cause than those enumerated in the preceding section, the lien which the State has on such lands shall be transferred to and vested in the grantee, his heirs and assigns, who shall be entitled to recover from the owner of such land the amount of taxes, interest and penalty, legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest, and such lands shall be bound for the payment thereof."

It will be seen that the plaintiff in this suit was not the purchaser at the tax sale, nor the last vendee under the tax title, from whom Shortridge, the owner before the tax sale, recovered it, but that it was brought by an intermediate holder of the tax title, and through whom the title had passed to the person from whom it was recovered by the original owner.

We hold that under this statute, only the last vendee of the tax title, and from whom it is recovered, or his heirs, can maintain such suit as this.

The purchaser at a tax sale, his heirs, or assigns, on failure of title, may maintain such action for the purposes, and to the extent, named in the above quoted section.

It may be presumed that each successive vendor had sold the land for all it had cost or was worth to him, and we hold that he passed, with his title, to his vendee, all his right to recover from the original owner, in the event of a failure of the tax title.

The judgment is affirmed, at the costs of the appellant.

*J. W. Robinson*, for appellant.

*J. Green* and *D. Waugh*, for appellee.